# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ASHLEY GARNETT, *et al*.,

    Plaintiff,

vs.

ROBERT G. MILLER,

    Defendant.

2:18-cv-00403-KJD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1)

    Before the Court are Plaintiffs Ashley Garnett's and Richard Garnett's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the following reasons, the application to proceed *in forma pauperis* is denied without prejudice.

## IN FORMA PAUPERIS APPLICATION

I.  *Garnett's In Forma Pauperis Application*

    Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The Court may authorize an individual to commence an action without prepayment of fees and costs if they file an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).

    It is currently unclear if the parties intend to name Richard Garnett as a Plaintiff. The Application to Proceed *in forma pauperis* and the Complaint both list Ashley Garnett as the only Plaintiff. (ECF No. 1 at 1; ECF No. 1-1 at 1). However, the Complaint states that both Ashley Garnett and Richard Garnett "are requesting to proceed *in forma pauperis*." (ECF No. 1-1 at 1). The Court also notes that the docket report lists Richard Garnett as a Plaintiff.

    Ashley Garnett must clarify who exactly is intended to be a Plaintiff in this action. If Richard Garnett is intended to be a Plaintiff, then Richard Garnett must submit and sign a financial affidavit.

Ashley Garnett, as a non-attorney, has no authority to represent other individuals before the Court. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). If Ashley Garnett is the only Plaintiff, then she must amend the Complaint to remove Richard Garnett from this action. Since the Court cannot determine if a sufficient number of financial affidavits have been filed, the Application is denied without prejudice.

The Court notes that the application Ashley Garnett filed contains sufficient financial information for both her and Richard Garnett to proceed *in forma pauperis*. If Ashley Garnett intends to name Richard Garnett as a Plaintiff, having Richard Garnett also sign the application (underneath Ashley Garnett's signature) would be enough to correct the issues discussed above. Ashley Garnett (hereafter referred to as "Garnett") may refile the Application when she has addressed the issues mentioned above.

II.  *Court Recommendations to Garnett Regarding the Complaint*

Since the Court denies Garnett's application without prejudice because of issues with the financial affidavit, it does not need to address the adequacy of the Complaint. However, if Garnett files an amended affidavit and the Court grants her application, the Court will screen her complaint. *See* 28 U.S.C. § 1915(e). The Court recommends that Garnett take the following issues into consideration, and file an amended Complaint along with her amended financial affidavit.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Federal courts have the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Finally, a complaint must make a short and plain statement showing why the court has jurisdiction. Fed. R. Civ. P. 8(a).

As a preliminary matter, the Court struggles to understand some of the allegations in Garnett's complaint. The Complaint does not contain the necessary punctuation to show where one idea ends and the next one begins. The Court does its best to judge each pleading on the merits, but this process is more difficult when the Court must struggle to understand the pleading. While the Court is sympathetic to the fact the Garnett is proceeding *pro se*, she must take greater care when writing and submitting court documents.

Garnett's Complaint does not state a theory of liability. While Garnett alleges many facts, she does not tie them to any legal theory that gives rise to a cause of action. For example, Garnett claims that Defendant (the CEO of a grocery store chain) violated her civil rights when one of his stores discriminated against her for being in an interracial relationship. (ECF No. 1-1 at 2). Specifically, Garnett alleges that Defendant's employees directed hostile gestures and facial expression towards her. (ECF No 1-1 at 2-3). However, Garnett does not specifically state what civil rights Defendant violated. Garnett also does not mention how this violation breaks some existing law (generally, private individuals/entities are not liable for violating civil rights unless there is some law stopping them from doing so; *see Garner v. State of La.*, 368 U.S. 157, 178 (1961)). Without this information, the Court would likely find that Garnett's claims do not show that she is entitled to relief.

Garnett's Complaint does not state why this Court has jurisdiction. The Federal Court is a Court of limited jurisdiction. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195 (9th Cir. 2016). Federal courts have jurisdiction if (1) the action arises under federal law, or (2) all plaintiffs are citizens of a different state than any defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The Complaint must also the state why the District Court of Nevada specifically is the correct venue. *See* 28 U.S.C. § 1391. None of these factors are discussed in Garnett's Complaint.

Since the Court will screen Garnett's Complaint for these issues if a future application to proceed *in forma pauperis* is granted, the court strongly recommends that Garnett fix these issues and submit an amended complaint. The Court also advises Garnett that if Richard Garnett is named as a Plaintiff, then

both parties must sign the Complaint, as well as any other "pleading, written motion, and other paper" that is submitted to the Court. *See* Fed. R. Civ. P. 11(a).

ACCORDINGLY,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by April 30, 2018, either (1) Richard Garnett must file a financial affidavit, (2) Richard Garnett must add his signature to the already filed application and then refile the application, or (3) Garnett must amend the Complaint to remove Richard Garnett from this action.

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

## NOTICE

Pursuant to Local Rule IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* L RIB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

DATED this 16th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE